In re Paul A. BILZERIAN, Debtor.

G. ROBERT BOLTON, P.A., Plaintiff,

v.

Paul A. BILZERIAN, Defendant.

Bankruptcy No. 91–10466–8P7.
Adv. No. 92–622.

United States Bankruptcy Court,
M.D. Florida,
Tampa Division.

April 3, 1996.

Catherine P. McEwen, Tampa, Florida, and Richard J. McCrory, St. Petersburg, Florida, for Plaintiff.

Paul A. Bilzerian, Tampa, Florida, Pro Se.

## ORDER ON MOTION TO COMPEL DISCOVERY

ALEXANDER L. PASKAY, Chief Judge.

IN THIS Chapter 7 case, Paul A. Bilzerian (Debtor), is the Defendant named in this adversary proceeding commenced by G. Robert Bolton, P.A. (Bolton), who filed a Motion and sought an order ordering Bolton to furnish certain information by responding to interrogatories propounded by the Debtor to Bolton. The Debtor, who represents himself, propounded fifteen pages of interrogatories setting forth fourteen specific questions which he sought to be answered.

The particular question in dispute which is presently under consideration is set forth in Interrogatory Number 4, in which the Debtor requests Bolton to state how much money Bolton spent, including the dates when the expenses were incurred, in defending himself in a suit filed in California by the Debtor against Bolton.

During oral argument on the Motion, this Court indicated that the inquiry is not relevant because it should and will be limited to a determination of the character of the liability established by a judgment obtained by Bolton against the Debtor prior to the commencement of the case, not the amount of the liability as determined by the final judgment because of the Full Faith and Credit requirement of the Constitution, Article IV, Sec. 1 and 28 U.S.C. § 1738. However, upon reconsideration, this Court is satisfied that this initial conclusion was in error and Bolton should answer the question for the following reasons:

The claim of Bolton against the Debtor has its origin in a lawsuit based on $750.00 in attorneys fees for services rendered to the Debtor in which Bolton obtained a judgment against the Debtor in the principal amount of $1,136.10, plus costs. The third lawsuit between the parties was a suit filed by Bolton against the Debtor in Pinellas County Circuit Court. In his second supplemental complaint in that third lawsuit Bolton set forth several claims: in Counts I, II, III, IV and V Bolton sought to recover unpaid legal bills incurred in conjunction with services rendered by Bolton to the Debtor. The claim in Count VI was based on a complaint filed by the Debtor against Bolton in which the Debtor sought damages against Bolton based on "abuse of process." In this count Bolton alleged that this lawsuit was a reckless, willful, unlawful and malicious action by the Debtor and for this reason Bolton sought punitive damages in excess of $5,000.00.

In due course, this lawsuit was scheduled for trial and actually tried with a jury. At the conclusion of the trial, the jury returned a verdict on April 11, 1991, which awarded $100,000.00 as compensatory damages to Bolton. Although the verdict form also gave the jury the option to award punitive damages, the jury elected not to do so. The final judgment entered by the Circuit Court recited that Bolton is entitled to recover $100,-000.00 from the Debtor on the complaint of Bolton in which he sought recovery for attorneys fees and for intentional tort of abuse of process. Thus, it is impossible to tell, although one might speculate, that this final judgment was based on the claim in Count VI (the claim based on abuse of process). This is insufficient to accord a Full Faith and Credit recognition to this judgment. For this reason, this Court is satisfied that the Debtor's inquiry concerning the actual damages suffered by Bolton is an appropriate area of inquiry and Bolton shall furnish the information requested.

Accordingly, it is

ORDERED, ADJUDGED AND DE-CREED that the Motion to Compel Discovery be, and the same is hereby, granted, and Bolton shall furnish the information request-ed within 30 days from the date of entry of this Order.

DONE AND ORDERED.